1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **SOUTHERN DISTRICT OF CALIFORNIA**

10   AARON D. JOHNSON,                          Civil No.      07-0957 LAB (WMc)
     CDC #H-72354,
11
                                                **ORDER:**
                                Plaintiff,
12
                                                **(1) GRANTING MOTION TO PROCEED**
13                                              ***IN FORMA PAUPERIS*, IMPOSING NO**
                                                **INITIAL PARTIAL FILING FEE,**
14                                              **GARNISHING $350 FROM PRISONER'S**
                        vs.                     **TRUST ACCOUNT [Doc. No. 4];**
15
                                                **(2) DIRECTING U.S. MARSHAL TO**
16                                              **EFFECT SERVICE PURSUANT TO**
                                                **FED.R.CIV.P. 4(c)(2) AND**
17   V.M. ALMAGER, et al.,                      **28 U.S.C. § 1915(d)**

18                                              **(3) GRANTING PLAINTIFF'S REQUEST**
                                                **TO HAVE UNITED MARSHAL SERVE**
19                                              **SUMMONS UPON DEFENDANTS AS**
                                                **MOOT [Doc. No. 6]**
20                              Defendants.

21

22

23

24        Plaintiff, Aaron Johnson, a state prisoner currently incarcerated at Centinela State Prison

25   located in Imperial, California and proceeding pro se, has filed a civil rights action filed pursuant

26   to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C.

27   § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28

28   U.S.C. § 1915(a) [Doc. No. 4].

## I.    Motion to Proceed IFP [Doc. No. 4]

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account statement (or institutional equivalent) ... for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4); *Taylor*, 281 F.3d at 850.  Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1) [Doc. No. 2] as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2.  Plaintiff's trust account statement indicates that he has insufficient funds from which to pay a partial initial filing fee.  Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 4], and assesses no initial partial filing fee at this time.  *See* 28 U.S.C. § 1915(b)(1) (court shall assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be

prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). However, Plaintiff is required to pay the full $350 filing fee mandated by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27

(9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Here, the Court finds that Plaintiff's allegations, if presumed true as they must at this stage of review, are sufficient to survive the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Compl. at 4-5; *Lopez*, 203 F.3d at 1126-27 (9th Cir. 2000) ("The language of section 1915(e)(2), as it applies to dismissals for failure to state a claim, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'") *quoting Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Resnick*, 200 F.3d at 644 (when conducting sua sponte screening pursuant to 28 U.S.C. § 1915, court must construe pro se pleadings liberally). However, Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that

[a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

**III.     Conclusion and Order**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4] is **GRANTED**.

2.     The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.     Plaintiff's "Request to have United States Marshal Serve Summons upon Defendants" [Doc. No. 6] is **GRANTED**.

5.     The Clerk shall issue the summons, provide Plaintiff with  a certified copy of both this Order and his Complaint, and forward them to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant named in his Complaint.  Plaintiff shall complete the Form 285s and forward them to the United States Marshal.  The U.S. Marshal shall then serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on each U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

////

////

6.      Defendants are thereafter **ORDERED** to reply to the Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

7.      Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED:  July 13, 2007

**HONORABLE LARRY ALAN BURNS**
United States District Judge