1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. JOHNSON, | CASE NO. 07cv0957-LAB (WMC) |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION; AND** |
| vs. | |
| V. M. ALMAGER, Warden, et al., | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| Defendants. | |

In his complaint, Plaintiff alleges violations of both his Constitutional rights and his rights under the Americans with Disabilities Act ("ADA").  Defendants filed a motion to dismiss, which was referred to Magistrate Judge William McCurine for report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. Judge McCurine issued his report and recommendation (the "R&R") on March 14, 2008, recommending the Court grant in part and deny in part the motion to dismiss, and grant Defendants' requests for judicial notice.  Although the R&R gave the parties ample time in which to file objections, neither party did so.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which

1   specific written objection has been made in accordance with this rule." *Id.*; *see also* 28

2   U.S.C. § 636(b)(1)(C).  "A judge of the court may accept, reject, or modify, in whole or in

3   part, the findings or recommendations made by the magistrate judge."  28 U.S.C.

4   § 636(b)(1)(C).  Thus, this Court must review those parts of the report and recommendation

5   to which a party has filed a written objection.

6          Section 636(b)(1) does not, however, require some lesser review by the district court

7   when no objections are filed.  *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).  The Ninth

8   Circuit has interpreted the language of 28 U.S.C. § 636(b)(1), and determined that the

9   "statute makes it clear that the district judge must review the magistrate judge's findings and

10  recommendations de novo *if objection is made*, but not otherwise."  *United States v. Reyna-*

11  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

12         The Court has reviewed the R&R and finds it to be correct, except with respect to the

13  standard for granting a motion to dismiss.  The R&R cites *Conley v. Gibson*, 355 U.S. 41,

14  45–46 (1957) for the principle that "A claim can be dismissed only if it 'appears beyond doubt

15  that the plaintiff can prove no set of facts in support of his claim that would entitle him to

16  relief.'"  The Supreme Court recently repudiated this standard in *Bell Atlantic Corp. v.*

17  *Twombly*, ___ U.S. ____, 127 S.Ct. 1955, 1969 (2007).  Under the holding that opinion,

18  "[f]actual allegations must be enough to raise a right to relief above the speculative level."

19  *Id.* at 1959.  Under this new standard, however, the R&R's analysis remains the same.

20         With this correction, the Court **ADOPTS** the R&R.  Defendants' requests for judicial

21  notice are **GRANTED** as set forth in the R&R.  Defendants' motion to dismiss is **GRANTED**

22  **IN PART** and **DENIED IN PART**.  Specifically, the Court **ORDERS** as follows:

23         1)      To the extent Defendants' motion to dismiss seeks dismissal of

24                 Plaintiff's request for injunctive relief under the ADA, the motion is

25                 **DENIED**.

26  / / /

27  / / /

28  / / /

2)   Plaintiff's ADA claims against the Defendants in their individual capacities are **DISMISSED WITH PREJUDICE**, but in all other respects Defendants' motion to dismiss Plaintiff's ADA claims is **DENIED**.

3)   To the extent Defendants' motion to dismiss seeks dismissal of the complaint on the ground of claim or issue preclusion, the motion is **DENIED**.

4)   Plaintiff's equal protection claim is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

If Plaintiff wishes to amend his complaint to state a claim for violation of his equal protection rights, he may do so no later than **30 calendar days** from the date this order is issued.

**IT IS SO ORDERED**.

DATED:  June 30, 2008

**HONORABLE LARRY ALAN BURNS**
United States District Judge